CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
SEP - 6 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DEMETRIUS O'BRIAN CAMPBELL,<br>    Plaintiff, | Civil Action No. 7:07CV00407 |
| v. | **MEMORANDUM OPINION** |
| MARTINSVILLE CITY JAIL,<br>    Defendant. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Demetrius O'Brian Campbell ("Campbell"), a Virginia inmate proceeding pro se, brings what this court will construe as a civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Campbell alleges that Defendant, Martinsville City Jail, placed him in a cell with a rusty pipe connected to the cell faucet, thereby exposing him to a health risk. Campbell seeks compensatory damages and requests an inspection of the rusty pipe. Upon review of the record, I conclude that Campbell has not stated a claim upon which relief can be granted and, therefore, dismiss the Complaint, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## I.

Campbell alleges that he was placed in an isolation cell for disciplinary reasons on July 9, 2007. He claims that the faucet in that particular cell was connected to a "piece of pipe with a rusted elbow joint" and that it was apparent that the pipe was "rusted inside and out." (Pl.'s Compl. at 1.) He further claims that he was denied pitchers of water to accommodate his need for drinking and personal hygiene. During this time, Campbell contends that he refused to take his "psychotropic medicine" because he was being forced to "drink water from a nasty rusted pipe that they wouldn't

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

drink from," and reasoned that "they were putting poison" in his daily meals. (Pl.'s Compl. at 2.) Campbell claims that he refused to eat or drink anything for six days and that he was eventually transferred to another site for mental health treatment. Campbell alleges that he was placed in the same cell when he returned to the jail and, therefore, he refused to take his medication again. At the request of an unnamed counselor, Campbell was placed in a different cell. (Pl.'s Compl. at 2.)

## II.

As a threshold matter, the Martinsville City Jail is not a state actor subject to suit under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). However, even if Campbell were given the opportunity to amend his Complaint to name other defendants, his claim would still be dismissed, as he has failed to make any allegation of fact which, if true, would amount to a Constitutional violation.

While the Eighth Amendment does protect prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions, or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375,

2

Case 7:07-cv-00407-JLK-mfu   Document 5   Filed 09/06/07   Page 2 of 4   Pageid#: 13

1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

While Campbell may be dissatisfied with the amenities offered at the Martinsville City Jail, he has not alleged anything to suggest that these conditions violate contemporary standards of decency. He does not allege that the water itself contains rust particles or any other particle or pollutant, only that a portion of an elbow joint is visibly rusted. Nor has Campbell demonstrated that, because of the alleged conditions, he has sustained a serious or significant injury or is at risk of a future injury. See Scott v. Sussex State Prison, No. 7:06CV000369, slip op. at *3 (W.D. Va. July 06, 2006) (finding inmate's claim that "sediment rust" in his water caused him to vomit merely conjectural and insufficient to state a claim of serious injury). In fact, Campbell complains of no injuries at all. Furthermore, Campbell concedes that he has been moved to another cell. Accordingly, I cannot find that Campbell's living conditions violated contemporary standards of decency or that he sustained significant current or future injury. Therefore, Campbell's allegations fail to state a claim under the Eighth Amendment.

### III.

Based on the foregoing, I find that Campbell has not presented any claims that constitute a violation of his constitutional rights. Accordingly, I dismiss the Complaint pursuant to 28 U.S.C. § 1915A(b)(1).[2]

The Clerk of Court is directed to send certified copies of this Memorandum Opinion and

---

[2] Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action under this statute, if on three or more occasions, he has brought an action or an appeal in the federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A search on PACER reveals that Campbell already has one strike assessed against him. See Campbell v. Martinsville City Jail, No. 7:99C729 (W.D. Va. Nov. 12, 1999). Campbell is hereby put on notice that the dismissal of this case for failure to state a claim upon which relief can be granted now counts as his second strike.

3

accompanying Order to Plaintiff.

**ENTER**: This 6th day of September, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge